UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

       Plaintiff,

v.

       CASE NO. 09-CV-12287
       HONORABLE ARTHUR J. TARNOW

WAYNE COUNTY PROSECUTOR'S
OFFICE, et al.,

       Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

The Court has before it Plaintiff Derrick Lee Smith's pro se civil rights complaint brought pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan.  Plaintiff's complaint consists of a one-page document listing the Wayne County Prosecutor's Office, the Detroit Police Department, the Eastpointe Police Department, and several prosecutors and police officers as defendants.  It contains no factual allegations, no legal claims, and no requested relief.

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A pro se

complaint should be liberally construed and held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a pro se complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Additionally, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, " as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). Plaintiff has not done so. He has failed to state any factual or legal basis for his civil rights action. His complaint must therefore be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.[1]

---

[1] The Court also notes that Plaintiff did not pay the required $350.00 filing fee nor submit an application to proceed without prepayment of the filing fee at the time he filed his complaint. *See* 28 U.S.C. § 1915(a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). His complaint is therefore subject to dismissal on this basis as well.

Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint. The Court further concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). This case is closed.

**IT IS SO ORDERED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: June 25, 2009


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 25, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary